**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARILYN MARGULIS,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>BATH PLANET OF ST. LOUIS, LLC,  )<br>ANGELA MAE TRIPLETT, AND  )<br>LEHAMON LEE TRIPLETT, JR.,  )<br>  )<br>  Defendants.  ) | Cause No.: 4:24-CV-01265<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS BATH PLANET OF ST. LOUIS, LLC, ANGELA MAE TRIPLETT, AND LEHAMON LEE TRIPLETT, JR.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MARILYN MARGULIS' PETITION FOR BREACH OF FEDERAL TELEPHONE CONSUMER PROTECTION ACT, BREACH OF MISSOURI MERCHANDISING PRACTICES ACT CHAPTER 407 AND CIVIL CONSPIRACY**

COME NOW Defendants BATH PLANET OF ST. LOUIS, LLC, ANGELA MAE TRIPLETT, AND LEHAMON LEE TRIPLETT, JR.'S (collectively, "Defendants"), by and through the undersigned counsel, and for their Answers and Affirmative Defenses to Plaintiff MARILYN MARGULIS' ("Plaintiff") Petition for Breach of Federal Telephone Consumer Protection Act, Breach of Missouri Merchandising Practices Act Chapter 407 and Civil Conspiracy ("Petition"), state as follows:

**PARTIES
PLAINTIFF**

1. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Petition, and, therefore, deny same.

2. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Petition, and, therefore, deny same.

3. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Petition, and, therefore, deny same.

4. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Petition, and, therefore, deny same.

5. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Petition, and, therefore, deny same.

6. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Petition, and, therefore, deny same.

7. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Petition, and, therefore, deny same.

## **DEFENDANTS** <br> **BATH PLANET OF ST. LOUIS, LLC**

8. Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Petition.

9. Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Petition.

10. Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Petition.

11. Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Petition.

12. Defendants admit that Defendant Bath Planet of St. Louis, LLC transacts business in the State of Missouri but deny each and every other allegation contained in Paragraph 12 of Plaintiff's Petition.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Petition.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Petition.

### ANGELA MAE TRIPLETT

15. Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Petition.

16. Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Petition.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Petition.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Petition.

19. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Petition, and, therefore, deny same.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Petition.

21. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Petition, and, therefore, deny same.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Petition.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Petition.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Petition.

### LEHAMON LEE TRIPLETT, JR.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Petition.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Petition.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Petition.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Petition.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Petition.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Petition.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Petition.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Petition.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Petition.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Petition.

### JOHN DOES 1-10

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Petition.

### ACTS OF AGENTS

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Petition.

### COUNT ONE

37. Defendants make no answer to the "allegations" contained in Paragraph 37 of Count One of Plaintiff's Petition as it calls for a legal conclusion and/or/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

38. Defendants make no answer to the "allegations" contained in Paragraph 38 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

39. Defendants make no answer to the "allegations" contained in Paragraph 39 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

40. Defendants deny the allegations contained in Paragraph 40 of Count I of Plaintiff's Petition.

41. Defendants deny the allegations contained in Paragraph 41 of Count I of Plaintiff's Petition.

42. Defendants make no answer to the "allegations" contained in Paragraph 42 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes, and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

43. Defendants make no answer to the "allegations" contained in Paragraph 43 of Count One of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

44. Defendants deny the allegations contained in Paragraph 44 of Count I of Plaintiff's Petition.

**THE MISSOURI NO-CALL LAW**

45. Defendants make no answer to the "allegations" contained in Paragraph 45 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law,

statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

46. Defendants make no answer to the "allegations" contained in Paragraph 46 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

47. Defendants make no answer to the "allegations" contained in Paragraph 47 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

48. Defendants deny the allegations contained in Paragraph 48 of Count I of Plaintiff's Petition.

49. Defendants deny the allegations contained in Paragraph 49 of Count I of Plaintiff's Petition.

50. Defendants deny the allegations contained in Paragraph 50 of Count I of Plaintiff's Petition.

51. Defendants make no answer to the "allegations" contained in Paragraph 51 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

**THE MISSOURI TELEMARKETING LAW**

52. Defendants make no answer to the "allegations" contained in Paragraph 52 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

53. Defendants make no answer to the "allegations" contained in Paragraph 53 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

**PRELIMINARY STATEMENT**

54. Defendants deny the allegations contained in Paragraph 54 of Count I of Plaintiff's Petition.

55. Defendants make no answer to the "allegations" contained in Paragraph 55 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

56. Defendants make no answer to the "allegations" contained in Paragraph 56 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

57. Defendants deny the allegations contained in Paragraph 57 of Count I of Plaintiff's Petition.

58. Defendants deny the allegations contained in Paragraph 58 of Count I of Plaintiff's Petition.

59. Defendants deny the allegations contained in Paragraph 59 of Count I of Plaintiff's Petition.

60. Defendants deny the allegations contained in Paragraph 60 of Count I of Plaintiff's Petition.

61. Defendants deny the allegations contained in Paragraph 61 of Count I of Plaintiff's Petition.

62. Defendants make no answer to the "allegations" contained in Paragraph 62 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

63. Defendants make no answer to the "allegations" contained in Paragraph 63 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

64. Defendants deny the allegations contained in Paragraph 64 of Count I of Plaintiff's Petition.

65. Defendants deny the allegations contained in Paragraph 65 of Count I of Plaintiff's Petition.

66. Defendants deny the allegations contained in Paragraph 65 of Count I of Plaintiff's Petition.

67. Defendants deny the allegations contained in Paragraph 67 of Count I of Plaintiff's Petition.

68. Defendants deny the allegations contained in Paragraph 68 of Count I of Plaintiff's Petition.

69. Defendants deny the allegations contained in Paragraph 69 of Count I of Plaintiff's Petition.

70. Defendant makes no answer to Paragraph 70 of Count I of Plaintiff's Petition as it merely references Exhibit A attached to Plaintiff's Petition. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

71. Defendants deny the allegations contained in Paragraph 71 of Count I of Plaintiff's Petition.

72. Defendants deny the allegations contained in Paragraph 72 of Count I of Plaintiff's Petition.

73. Defendants deny the allegations contained in Paragraph 73 of Count I of Plaintiff's Petition.

74. Defendants make no answer to the "allegations" contained in Paragraph 74 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

75. Defendants deny the allegations contained in Paragraph 75 of Count I of Plaintiff's Petition.

76. Defendants deny the allegations contained in Paragraph 76 of Count I of Plaintiff's Petition.

77. Defendants admit the allegations contained in Paragraph 77 of Count I of Plaintiff's Petition.

78. Defendants admit the allegations contained in Paragraph 78 of Count I of Plaintiff's Petition.

79. Defendants deny the allegations contained in Paragraph 79 of Count I of Plaintiff's Petition.

**ADDITIONAL CALLS**

80. Defendants deny the allegations contained in Paragraph 80 of Count I of Plaintiff's Petition.

81. Defendants deny the allegations contained in Paragraph 81 of Count I of Plaintiff's Petition.

82. Defendants deny the allegations contained in Paragraph 82 of Count I of Plaintiff's Petition.

83. Defendants deny the allegations contained in Paragraph 83 of Count I of Plaintiff's Petition.

84. Defendants deny the allegations contained in Paragraph 84 of Count I of Plaintiff's Petition.

85. Defendants deny the allegations contained in Paragraph 85 of Count I of Plaintiff's Petition.

86. Defendants deny the allegations contained in Paragraph 86 of Count I of Plaintiff's Petition.

87. Defendants deny the allegations contained in Paragraph 87 of Count I of Plaintiff's Petition.

88. Defendants deny the allegations contained in Paragraph 88 of Count I of Plaintiff's Petition.

89. Defendants deny the allegations contained in Paragraph 89 of Count I of Plaintiff's Petition.

90. Defendants deny the allegations contained in Paragraph 90 of Count I of Plaintiff's Petition.

91. Defendants deny the allegations contained in Paragraph 91 of Count I of Plaintiff's Petition.

92. Defendants deny the allegations contained in Paragraph 92 of Count I of Plaintiff's Petition.

93. Defendants deny the allegations contained in Paragraph 93 of Count I of Plaintiff's Petition.

94. Defendants deny the allegations contained in Paragraph 94 of Count I of Plaintiff's Petition.

95. Defendants deny the allegations contained in Paragraph 95 of Count I of Plaintiff's Petition.

96. Defendants deny the allegations contained in Paragraph 96 of Count I of Plaintiff's Petition.

97. Defendants deny the allegations contained in Paragraph 97 of Count I of Plaintiff's Petition.

98. Defendants deny the allegations contained in Paragraph 98 of Count I of Plaintiff's Petition.

99. Defendants deny the allegations contained in Paragraph 99 of Count I of Plaintiff's Petition.

100. Defendants deny the allegations contained in Paragraph 100 of Count I of Plaintiff's Petition.

101. Defendants deny the allegations contained in Paragraph 101 of Count I of Plaintiff's Petition.

102. Defendants deny the allegations contained in Paragraph 102 of Count I of Plaintiff's Petition.

103. Defendants deny the allegations contained in Paragraph 103 of Count I of Plaintiff's Petition.

104. Defendants deny the allegations contained in Paragraph 104 of Count I of Plaintiff's Petition.

105. Defendants deny the allegations contained in Paragraph 105 of Count I of Plaintiff's Petition.

**VIOLATIONS OF THE TCPA AND REGULATIONS**

106. Defendants deny the allegations contained in Paragraph 106 of Count I of Plaintiff's Petition.

107. Defendants make no answer to the "allegations" contained in Paragraph 107 of Count I of Plaintiff's Petition as it calls for a legal conclusion and/or cites case law, statutes and/or regulations which speak for themselves. If an answer is deemed necessary, each and every allegation contained therein is specifically denied herein.

**VIOLATIONS OF MISSOURI CHAPTER 407**

108. Defendants deny the allegations contained in Paragraph 108 of Count I of Plaintiff's Petition.

109. Defendants deny the allegations contained in Paragraph 109 of Count I of Plaintiff's Petition.

110. Defendants deny the allegations contained in Paragraph 110 of Count I of Plaintiff's Petition.

WHEREFORE, having fully answered the allegations contained in Count I of Plaintiff MARILYN MARGULIS' Petition for Breach of Federal Telephone Consumer Protection Act, Breach of Missouri Merchandising Practices Act Chapter 407 and Civil Conspiracy ("Petition"), Defendants BATH PLANET OF ST. LOUIS, LLC, ANGELA MAE TRIPLETT, AND LEHAMON LEE TRIPLETT, JR.'S pray to be dismissed with prejudice at Plaintiff's costs and for such other relief that is deemed just and proper.

**COUNT TWO**
**Civil Conspiracy**

111. Defendants restate and incorporate by reference herein their Answers to Count I of Plaintiff's Petition as their Answer to Paragraph 111 of Count II of Plaintiff's Petition.

112. Defendants deny the allegations contained in Paragraph 112 of Count II of Plaintiff's Petition.

113. Defendants deny the allegations contained in Paragraph 113 of Count II of Plaintiff's Petition.

114. Defendants deny the allegations contained in Paragraph 114 of Count II of Plaintiff's Petition.

115. Defendants deny the allegations contained in Paragraph 115 of Count II of Plaintiff's Petition.

116. Defendants deny the allegations contained in Paragraph 116 of Count II of Plaintiff's Petition.

WHEREFORE, having fully answered the allegations contained in Count II of Plaintiff MARILYN MARGULIS' Petition for Breach of Federal Telephone Consumer Protection Act, Breach of Missouri Merchandising Practices Act Chapter 407 and Civil Conspiracy ("Petition"), Defendants BATH PLANET OF ST. LOUIS, LLC, ANGELA MAE TRIPLETT, AND LEHAMON LEE TRIPLETT, JR.'S pray to be dismissed with prejudice at Plaintiff's costs and for such other relief that is deemed just and proper.

## COUNT THREE
### Injunctive Relief

117. Defendants restate and incorporate by reference herein their Answers to Counts I and II of Plaintiff's Petition as their Answer to Paragraph 117 of Count III of Plaintiff's Petition.

118. Defendants deny the allegations contained in Paragraph 118 of Plaintiff's Petition.

WHEREFORE, having fully answered the allegations contained in Count III of Plaintiff MARILYN MARGULIS' Petition for Breach of Federal Telephone Consumer Protection Act, Breach of Missouri Merchandising Practices Act Chapter 407 and Civil Conspiracy ("Petition"), Defendants BATH PLANET OF ST. LOUIS, LLC, ANGELA MAE TRIPLETT, AND LEHAMON LEE TRIPLETT, JR.'S pray to be dismissed with prejudice at Plaintiff's costs and for such other relief that is deemed just and proper.

## AFFIRMATIVE DEFENSES

1. For further Answer and Affirmative Defense, Defendants state that Plaintiff's Petition fails to state a claim upon which relief may be granted.

2. For further Answer and Affirmative Defense, Plaintiff has acted with Unclean Hands and, therefore, should be denied her request for affirmative relief.

3. For further Answer and Affirmative Defense, Defendants state that Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to Defendant's alleged actions or omissions.

4. For further Answer and Affirmative Defense, Defendants state that the damages allegedly sustained by Plaintiff were caused by intervening acts or omissions of third parties for whom Defendants are not legally responsible or liable.

5. For further Answer and Affirmative Defense, Defendants state that Plaintiff fails to sufficiently allege acts or omissions tending to show that Defendants caused Plaintiff any actual damages, injuries or losses.

6.	For further Answer and Affirmative Defense, Defendants reserve the right to amend their Answer and Affirmative Defenses and assert additional and yet unstated defenses.

          KILO FLYNN, P.C.

By:  /s/ *Timothy W. Callahan*
JOHN A. KILO, #21
TIMOTHY W. CALLAHAN, #56749MO
5840 Oakland Avenue
St. Louis, Missouri 63110
(314) 647-8910
(314) 647-3134 (Fax)
jkilo@kiloflynn.com
tcallahan@kiloflynn.com

*Attorneys for Defendants Bath Planet of St. Louis, LLC, Angela Mae Triplett, and Lehamon Lee Triplett, Jr.*

## CERTIFICATE OF SERVICE

I certify that on the 18th day of September, 2024, I electronically filed the instant pleading with the Clerk of Court using the court's electronic filing system which will send notification of such filing to all parties/attorneys of record and a courtesy copy was also emailed to Max Margulis, Attorney for Plaintiff, MaxMargulis@MargulisLaw.com.

      /s/ *Timothy W. Callahan*